**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DAVID ELLIOT NICHOLAS,
CDCR #AX-5719,

Plaintiff,

vs.

RJ DONOVAN CORRECTIONAL FACILITY; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR); R&R CORRECTIONAL OFFICERS,

Defendants.

Case No.: 26-cv-04037-BJC-JLB

**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1) AND DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL AS MOOT**

**[ECF Nos. 2, 3]**

Plaintiff David Elliot Nicholas, who is proceeding *pro se* and incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1), together with a motion to proceed *In Forma Pauperis* ("IFP") (ECF No. 2), and a motion to appoint counsel. (ECF No. 3). Nicholas claims unidentified correctional officials at RJD lost his personal property after he was temporarily transferred to the California Medical Facility ("CMF") in August 2025. *See* Compl. at 3. He seeks $40 million in general and punitive damages. *Id.* at 7.

///

For the reasons explained, the Court **DISMISSES** Nicholas's complaint *sua sponte* for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). Because the Court finds amendment would be futile, it **DENIES** Nicholas's motions to proceed IFP and appoint counsel as moot.

## I. SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

### A. Standard of Review

Section 1915A(a) "mandates early review— 'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

"The standard for dismissal for prisoner claims at screening is the 'same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.'" *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (quoting *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. A complaint fails to state a claim if it lacks a "cognizable legal theory" or "sufficient facts … to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs.,*

*Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Factual Allegations**

Nicholas alleges that on August 22, 2025, he was transferred from RJD to CMF and temporarily hospitalized there. *See* Compl. at 3. As a result, his personal property was "rolled up" and "supposedly … safely stored." *Id.* When he returned to RJD, however, unidentified officers in RJD's Receiving & Release ("R&R") unit searched "high and low" for his property, but "to this day none of it has ever been found." *Id.* Nicholas claims the negligent loss of "everything [he] had accumulated since August of 2015" sent him "spiraling into deep depression." *Id.*

**C. Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

Nicholas does not identify the basis for any constitutional violation, but his sole claim is that unidentified RJD officials who were responsible for safeguarding and safely storing his property during a hospital stay lost his personal belongings. Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, Nicholas has no viable Fourteenth Amendment due process claim based

on Defendants' allegedly unauthorized deprivation of his belongings—whether intentional or negligent—if a meaningful state post-deprivation remedy for his loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."). California's tort claim process provides that adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *see also Richardson v. Medina*, 2026 WL 1759668, at *4 (E.D. Cal. June 18, 2026) (dismissing *sua sponte* prisoner's due process claims against prison officials "responsible for packing his missing personal property" pursuant to *Hudson* & *Barnett* because he had an adequate post-deprivation remedy under California law), *report and recommendation adopted,* 2026 WL 2032175 (E.D. Cal. July 14, 2026); *Kemp v. Skolnik*, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to *Hudson* and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court.").

## II. CONCLUSION

Accordingly, the Court **DISMISSES** Nicholas's complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). Because amendment and pursuit of his lost property claims in federal court would be futile, the Court **DENIES** Nicholas's motions to proceed IFP and to appoint counsel (ECF Nos. 2, 3) as moot and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: September 20, 2026

Honorable Benjamin J. Cheeks
United States District Judge